IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CV-73-MR-WCM

| | | |
|---|---|---|
| THOMAS ADAM COREY | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TJ MADDEN, and | ) | |
| MELVEN LYTLE | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion," Doc. 2).

On March 17, 2021, Plaintiff, appearing *pro se*, filed a Complaint for Violation of Civil Rights (Prisoner Complaint) (Doc. 1). Plaintiff states that the incidents that are the subject of the Complaint "did not happen in jail" but that Plaintiff is "in jail now." Id. at 4. However, Plaintiff has provided an address (14 Hardee Drive, Savannah, Georgia, 31406) that does not appear to be associated with a place of incarceration.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, sets forth certain screening requirements that apply when a litigant is incarcerated at the time he or she files a civil complaint. See Johnson v. Thomas, No. 4:10-cv-151-BR, 2011 WL 1344008, at *1 (E.D.N.C. April 8, 2011) (PLRA screening

requirements did not apply "because plaintiff was not a prisoner at the time he brought the lawsuit") (citing Michau v. Charleston County, S.C., 434 F.3d 725, 727 (4th Cir. 2006)(litigant who was civilly detained did not qualify as a "prisoner" for purposes of the PLRA); Witzke v. Female, 376 F.3d 744, 750 (7th Cir. 2004)(when deciding whether an individual is a prisoner within the meaning of the PRLA, a court 'must look to the status of the plaintiff at the time he brings his suit'")); see also Simpson v. Wilson, No. 620CV02604JMCKFM, 2020 WL 7699698, at *2 (D.S.C. Oct. 6, 2020), report and recommendation adopted, No. 6:20-CV-02604-JMC, 2020 WL 7695958 (D.S.C. Dec. 28, 2020); Jaros v. Illinois Dept. of Corrections, 684 F.3d 667, 668 n. 1 (2012).

Additionally, the PLRA provides that "if a prisoner brings a civil action ... in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee...." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, ... [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Hall v. Puett, No. 1:18-cv-44-MR, 2020 WL 8687418, at *1 (W.D.N.C. Sept. 2, 2020) (discussing PLRA and explaining that "Plaintiff is required to pay the full filing fee in installments regardless of

2

his indigency, and therefore, his request to waive the remainder of the filing fee is denied").

In this case, it is not clear from Plaintiff's filings whether Plaintiff was incarcerated at the time he filed his Complaint and the undersigned finds that such information is needed for Plaintiff's Motion to be considered fully.

**IT IS THEREFORE ORDERED THAT**, on or before **Friday, April 9, 2021**, Plaintiff shall file a Notice:

1. Stating whether Plaintiff was incarcerated or detained in any facility because he was accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program at the time he filed the Complaint on March 17, 2021 and
2. Providing Plaintiff's current mailing address.

Signed: March 29, 2021

W. Carleton Metcalf
United States Magistrate Judge