# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00073-MR

| | |
|---|---|
| THOMAS ADAM COREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| T.J. MADDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, [Doc. 1], and Plaintiff's Motion for Appointment of Counsel, [Doc. 3]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

## I. BACKGROUND

Pro se Plaintiff Thomas Adam Corey ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Sampson Correctional Institution in Clinton, North Carolina. Plaintiff filed this action on March 17, 2021, pursuant to 42 U.S.C. § 1983, naming T.J. Madden, identified as a Sheriff's Deputy in the McDowell County Sheriff's Department, and Melven Lytle, identified as a police officer in the Old Fort Police Department, as

Defendants in this matter. [Doc. 1 at 2]. Plaintiff also lists the Old Fort Police Department ("Old Fort PD") and the McDowell County Sheriff as Defendants in the caption in this matter, but he does name them as Defendants on page two of the Complaint. [See Doc. 1 at 1-3]. The Court will, nonetheless, consider these as Defendants on initial review here. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment.[1] In support of this claim, Plaintiff alleges as follows.

> On Jan 5th around 12:00 PM Officer Madden was trying to stop me for an expired tag in Old Fort NC I tried to pull over at a church because I was worried about getting beaten  Upon information I hear the officers in this area were known to do that  I tried to find a safe place, found a place I thought was safe that's when Officer Lytle T-boned my truck got out grabbed my hands  Officer Madden approached with "nightstick out" broke my window and beat me and my service dog senseless  I backed my truck up accidentally hit Officer Madden's truck backed up about 30 yards got out with my hands up on my knees Officers approached me again and beat me again I had to be transported by "McDowell EMS".

[Doc. 1 at 5 (errors uncorrected)].

---

[1] Although Plaintiff purports to state his claim under the Eighth Amendment, the Court will liberally construe Plaintiff's Complaint and consider his claims as brought under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 397-98 (1989) (holding that where an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, Fourth Amendment protections are invoked and the "objective reasonableness" standard applies").

For injuries, Plaintiff claims he sustained physical injuries, including dislocation of his right thumb that required surgery, bleeding from his ears and head, and bruising over his face and body.[2] [Doc. 1 at 5].

For relief, Plaintiff seeks declaratory relief, compensatory damages, and costs. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[2] Plaintiff also alleges that his service dog was physically injured by Defendants' conduct. [Doc. 1 at 5].

3

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. McDowell County Sheriff

Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). Municipalities and other local government units can be sued under § 1983 "when the execution of a government's policy or custom … inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law). A viable § 1983 Monell claim, therefore, consists of two components: (1) the municipality had an unconstitutional policy or custom;

4

and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. Emesowum v. Arlington Cty, No. 1:20-cv-113, 2020 WL 3050377, at *5 (E.D. Va. June 5, 2020) (citations omitted). In other words, a governmental unit is liable when a policy or custom is fairly attributable to the governmental unit as its own and is the moving force behind the particular constitutional violation. Id. (citing Spell v. McDaniel, 824 F.2d 1380, 1387 (4th Cir. 1987) (quotation marks omitted).

To succeed on a claim against the Sheriff's Office, the Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38; Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same). To the extent Plaintiff intended to name the McDowell County Sheriff as a Defendant, Plaintiff has not alleged that any policy or custom of this Defendant caused the constitutional violation. Plaintiff, therefore, has failed to state an official capacity claim against the McDowell County Sheriff under § 1983.

As to any potential individual capacity claim against the McDowell County Sheriff, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted

5

personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  Plaintiff here make no allegations of personal participation by the McDowell County Sheriff and has, therefore, failed to state a claim for individual liability under § 1983.

As such, Plaintiff has failed to state a claim against the McDowell County Sheriff in either his individual or official capacity and he will be dismissed as a Defendant in this matter on initial review.

### B.  Old Fort Police Department

A police department is not a municipal entity subject to Monell liability under North Carolina law.  See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)).  As such, to the extent Plaintiff intended to name the Old Fort PD as a Defendant in this matter, he has failed to state a claim against it.  Old Fort PD will, therefore, be dismissed as a Defendant.

### C.  Defendants Lytle and Madden

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."  Graham v. Connor, 490 U.S. 386, 394, 109

S. Ct. 1865, 1870 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments." Id. "The Fourth Amendment prohibition on unreasonable seizures bars police officers from using excessive force to seize a free citizen." Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or other,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Id. at 527 (quoting Graham, 490 U.S. at 396).

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that his Fourth Amendment claims against Defendants Madden and Lytle survive initial review as they are not clearly frivolous.

## IV. MOTION FOR COUNSEL

Plaintiff has also moved for appointment of counsel. [Doc. 3]. In support of his motion to appoint counsel, Plaintiff states that he cannot afford

counsel and that his "imprisonment will greatly limit his ability to litigate." [Id. at 1]. Plaintiff also argues that the issues involved in this case are complex and will require significant research and investigation and that Plaintiff has limited access to a law library and limited knowledge of the law. [Id. at 2]. Finally, Plaintiff states that a trial in this matter will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses. [Id.]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Fourth Amendment claims against Defendants Madden and Lytle survive initial review, Defendants Old Fort PD and McDowell County Sheriff are dismissed with prejudice, and Plaintiff's motion for counsel is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1)  Plaintiff's Fourth Amendment claims against Defendants Madden and Lytle survive initial review in accordance with the terms of this Order.

(2)  Plaintiff's claims against Defendants Old Fort Police Department and the McDowell County Sheriff fail initial review and these Defendants shall be **DISMISSED with prejudice** as Defendants in this matter.

(3) Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

The Clerk of Court is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify Defendants Madden and Lytle for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.[3]

---

[3] The Court notes that the summons filed by Plaintiff with his Complaint does not provide the information necessary for service on these Defendants. [See Doc. 1-3].

The Clerk is respectfully instructed to add the Old Fort Police Department and the McDowell County Sheriff as Defendants in this matter and to reflect their termination as Defendants.

**IT IS SO ORDERED**.

Signed: June 7, 2021

Martin Reidinger
Chief United States District Judge