UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00073-MR

| | |
|---|---|
| THOMAS ADAM COREY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) **ORDER**<br>)<br>TJ MADDEN, et al., )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Thomas Adam Corey ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Sampson Correctional Institution in Clinton, North Carolina. Plaintiff filed this action on March 17, 2021, pursuant to 42 U.S.C. § 1983, naming TJ Madden, identified as a Sheriff's Deputy in the McDowell County Sheriff's Department, and Melven Lytle, identified as a police officer in the Old Fort Police Department, as Defendants in this matter. [Doc. 1 at 2]. On June 7, 2021, Plaintiff's Complaint survived initial review as to Defendants Madden and Lytle. [Doc. 13]. The other Defendants were dismissed. [Id.]. The same day, on the Court's Order, the Clerk mailed Plaintiff two blank summonses for Plaintiff to

fill out and identify Defendants Madden and Lytle, and then return to the Court for use in serving these Defendants. [Id. at 9]. Plaintiff, however, has failed to return the completed summonses as ordered and the Defendants remain unserved. On November 9, 2021, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants within 14 days of the Court's Order. [Doc. 14]. Plaintiff has not responded to the Court's Show Cause Order.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on

June 7, 2021. [Doc. 13]. Plaintiff, therefore, had until September 6, 2021[1] to serve Defendants. On November 9, 2021, the Court notified Plaintiff that it would dismiss this without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants within 14 days of the Court's Order. [Doc. 14]. Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not shown good cause for his failure to timely serve Defendants. Further, the Court declines to exercise its discretion to extend the time for service. The Court will, therefore, dismiss this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge

---

[1] September 5, 2021 was a Sunday.